

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 6, 2017

<u>By ECF and E-Mail</u>

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Richard Moseley, Sr.*, 16 Cr. 79 (ER)

Dear Judge Ramos:

      The Government respectfully moves *in limine* to preclude defendant Richard Moseley from calling an investigator at Reilly International (the "Investigator") to testify about Carmen Hernandez's pre-trial statements to the Investigator. As discussed below, the Investigator's testimony about Hernandez's prior statements is inadmissible because Hernandez admitted on the witness stand to making the statements. Where, as here, a witness admits to making a prior statement, extrinsic evidence of that statement is inadmissible.

      **A. Factual Background**

      On cross-examination, defense counsel questioned Carmen Hernandez about her pre-trial statements to the Investigator, who was retained by the defense. In response to defense counsel's questions, Hernandez repeatedly admitted that she made the statements in question to the Investigator and did so falsely. (Tr. 514-518). For example:

      Q. And at that time, during that interview, you said, e-Data represented the applications had been e-signed by customers. Don't you recall saying that to our investigator?
      A. I said that, and that's not an actual—that's not a fact.
      Q. So you were lying?
      A. Yes, you could say I was lying.
      (Tr. 514).

      Q. Does that refresh you recollection that you stated the customer loan information was signed by the customers according to e-Data. . . Did you say that?
      A. I said I may have said that, but it wasn't true.
      Q. So you lied to our investigators?

>    A. I said I did.
>    Q. Okay.
>    A. I already said that.
>
> (A. 516-17).
>
>    Q. And in fact, the government asked you about that meeting, and you lied to them about the meeting that we had, didn't you? Didn't you?
>    A. . . . That's what I said.
>
> (A. 371-72).

On November 5, 2017, Moseley's counsel produced to the Government memos prepared by the Investigator summarizing his interview of Hernandez. It appears from this material that Moseley seeks to call the Investigator in Moseley's defense case to testify about Hernandez's statements to the Investigator.

### B. Applicable Law

Under Rule 613(b), "extrinsic evidence of a witness's prior statement may be offered to impeach that witness's credibility only if, *inter alia*, the statement is inconsistent with her trial testimony." *United States v. Arena*, 180 F.3d at 400. Under controlling Second Circuit precedent, where, as here, a witness admits to making a prior statement, extrinsic evidence of that statement is inadmissible. *Id.*

Other courts have overwhelmingly agreed. *See, e.g., United States v. Young*, 248 F.3d 260, 268-69 (4th Cir. 2001) (district court did not err in excluding extrinsic evidence where witness admitted that he made the prior inconsistent statement, noting that "our sister circuits have recognized that a district court may continue to exercise its gatekeeping function even though the requisite foundation has been laid under Rule 613(b)") (citing cases); *United States v. Greer*, 806 F.2d 556, 559 (5th Cir. 1986*); Dilley v. Chesapeake & Ohio Railway Co.*, 327 F.2d 249, 251 (6th Cir. 1964) ("Where a witness admits a statement attributed to him there is no necessity to prove it and the statement is not admissible in evidence."); *United States v. Soundingsides*, 820 F.2d 1232, 1240 (10th Cir.) ("where the witness does not deny making a prior inconsistent statement, there is clearly no rationale for introduction of a prior 'inconsistent' statement") (internal quotation and citation omitted), ("since the substance of the statements had already been repeated before the jury and acknowledged, the overkill of testimony by the Agents again repeating the statements, with its prejudicial risk of use as substantive evidence, was error"); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1476 (11th Cir. 1992); *United States v. Pimentel*, No. 99 CR 1104, 2002 WL 1208679, at *6 (E.D.N.Y. May 30, 2002) (proposed testimony regarding witness's prior statements concerning defendant would not have been admissible under Rule 613(b) where witness confirmed those statements) (citing Arena); *see also* McCormick on Evidence § 37, at 79 (E. Cleary 3d ed. 1984) ("prevailing view" is to prohibit admission of extrinsic evidence of a prior inconsistent statement once witness has admitted the inconsistency).

### C. Discussion

As discussed below, the Investigator's testimony is inadmissible for three independent reasons: (1) pursuant to Rule 613(b), because Hernandez admitted to making the statements that Moseley seeks to introduce through extrinsic evidence, (2) pursuant to Rule 403, and (3) for failure to provide adequate and timely notice of Moseley's intention to introduce extrinsic evidence.

#### 1. The Investigator's Testimony Is Inadmissible Under Rule 613(b)

Under controlling Second Circuit precedent, the Investigator's testimony is inadmissible under Rule 613(b) because it "would have been consistent with and duplicative of that portion of [Hernandez's] testimony." *See Arena*, 180 F.3d at 400. As discussed above, Hernandez repeatedly acknowledged making the statements to the Investigator of which Moseley seeks to introduce extrinsic evidence. The Second Circuit's decision in *Arena* is instructive. In *Arena*, for example, a Government witness testified - contrary to her testimony at trial - that she previously had told a probation officer that her mother was not involved in certain criminal activity and was being unjustly prosecuted. *Id.* The defense sought to call the probation officer to testify about the witness's prior statements concerning her mother. *Id.* The Court upheld the district court's exclusion of the probation officer's testimony, concluding that because the witness herself testified regarding the statements to the probation officer, "the proffered [probation officer's] testimony would have been consistent with and duplicative of that portion of [the witness's] testimony." *Id.*; *see also United States v. Koriakov*, 152 Fed. Appx. 89, 91 (2d Cir. 2005). The same is true here.

#### 2. The Investigator's Testimony Is Inadmissible Under Rule 403

Even if the Investigator's testimony is admissible under Rule 613(b), it is still properly excluded under Federal Rule of Evidence 403. "Rule 613 and Rule 403 fulfill separate functions. Although admissible under 613 [a document] could be excluded under 403." *United States v. King*, 560 F.2d 122, 128 n.2 (2d Cir. 1977); *accord United States v. Young*, 248 F.3d 260, 268 (4th Cir. 2001) ("[E]ven if all the foundational elements of Rule 613 are met, a district court is not unequivocally bound to admit any or all extrinsic evidence of a prior inconsistent statement. Rather, a district court may still exercise its discretion to exclude such evidence.") (citing cases). Here, Moseley's counsel has already put the inconsistency he wanted to argue before the jury through Hernandez's admissions on cross examination. Prior inconsistent statements are generally admissible for impeachment purposes only, *see* Fed. R. Evid. 613, and are inadmissible hearsay for substantive purposes unless they were made at "a trial, hearing, or other proceeding, or in a deposition." Fed. R. Evid. 801(d)(1)(A). In these circumstances, the Investigator's testimony is inadmissible under Rule 403. *See United States v. Soundingsides*, 825 F.2d 1468, 1470 (10th Cir. 1987) ("since the substance of the statements had already been repeated before the jury and acknowledged, the overkill of testimony by the Agents again repeating the statements, with its prejudicial risk of use as substantive evidence, was error").

### 3. Moseley's Failure to Provide Notice, While Hernandez Was Still on the Stand, of His Intent to Use Extrinsic Evidence Deprived the Government of an Opportunity to Inquire about the Prior Statements

The defendant is required to notify the Government of its intent to introduce extrinsic evidence of a prior inconsistent statement so that the Government has a full and meaningful opportunity to inquire about the prior statements. Fed. R. Evid. 613(b). Moseley failed to do so here and therefore should be precluded from introducing the evidence now. *United States v. Ghailani*, 761 F. Supp. 2d 114, 124 n.36 (S.D.N.Y. 2011) ("In any case, the defendant dropped the point on cross-examination and failed to notify the Court or the government that he would seek to impeach Juma on this point by extrinsic evidence. This deprived the government of an opportunity to question Juma on the point before the jury, as was its right."); *Surdow*, 121 F. App'x 898, 900 (2d Cir. 2005) ("[A] court may reasonably expect that, to ensure the orderly conduct of a trial, an impeaching party that does not itself intend to confront a witness with the particulars of a purportedly inconsistent statement will, at the very least, 'inform[ ] the court and opposing counsel, *at the time the witness testifies,* of the intention to introduce' impeaching extrinsic evidence so that appropriate steps may be taken to 'keep the witness available to be called to explain the statement.'") (emphasis in original). Because Hernandez is no longer on the witness stand, the Government will have no ability to confront the extrinsic evidence of Hernandez's prior statements or ask Hernandez to explain any purported inconsistency. Such a result is fundamentally unfair and provides an independent basis for precluding the proffered extrinsic evidence.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: ___/s/_____
Edward A. Imperatore/David Abramowicz
Assistant United States Attorneys
Southern District of New York
Tel. 212-637-2327/6525

cc: Counsel of Record (via ECF)