# PERLMUTTER & McGUINNESS, P.C.
## ATTORNEYS AT LAW

### 260 MADISON AVENUE, SUITE 1800
### NEW YORK, NY 10016
### TEL. (212) 679-1990
### FAX. (888) 679-0585

ADAM D. PERLMUTTER
DANIEL A. McGUINNESS
–
VICTORIA N. MEDLEY

OF COUNSEL
PAUL GREENFIELD

November 06, 2017

***VIA ECF – EX PARTE & UNDER SEAL***

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   ***United States of America v. Richard Moseley, Sr.,***
      ***Case No. 16-Cr-079 (ER)***

Dear Judge Ramos:

I am co-counsel for Richard Moseley, Sr., in connection with the above matter. I write to submit Mr. Moseley's *in limine* motion to compel the government to grant immunity to a defense witness. Specifically, Mr. Moseley seeks a ruling from the Court requiring the government to immunize Richard Moseley, Jr., which is imperative to Mr. Moseley's ability to present a complete advice of counsel defense. Alternatively, I request that the Court provide the jury with a missing witness charge.

As the Court is aware, one of Mr. Moseley's main defenses is an affirmative advice of counsel defense, which the government has repeatedly attempted to preclude. Mainly, the government is adamant that there is no evidence that Mr. Moseley sought the advice of counsel before he engaged in the alleged criminal enterprise. *See* Gov't Letter, Oct. 16, 2017, ECF No. 93 at 1-2. The Indictment only charged Mr. Moseley with lending activity related to his off-shore entities, and Mr. Moseley prepared his advice of counsel defense regarding the formation and operation of those off-shore entities. *See* Indictment (S2), Sept. 28, 2017, ECF No.

Hon. Edgardo Ramos
November 06, 2017
Page 2 of 5

89.  It became clear, however, in the Government's October 16, 2017 letter, that it intended to expand the scope of its prosecution to include Mr. Moseley's domestic payday lending operations in Nevada.  ECF No. 93 at 1-2.

At that point, Mr. Moseley immediately began assembling evidence related to attorney advice regarding his Nevada corporations.  Upon reviewing his files, Mr. Moseley remembered that Scott Ruther, a Missouri attorney, advised Mr. Moseley on formation of his Nevada lending entities and the exportation of state usury rates. Mr. Moseley's investigator attempted to contact Mr. Ruther several times but was ultimately unsuccessful.  It was not until after the defense opened its case on Tuesday, October 31, 2017 that Ruther, who had been contacted by a Federal Bureau of Investigations Agent, reached out to Mr. Moseley's son, David Moseley, to inquire as to why government agents were suddenly contacting him.  Mr. Moseley's investigator immediately contacted Ruther, who revealed that he had no memory of the advice that he provided Mr. Moseley approximately 14 years ago.  Because Ruther is unable to recall the advice he provided to Mr. Moseley about the formation of his Nevada corporations and the legality of exporting specific state interest rates, Richard Moseley Jr., who was at the meetings with his father and Ruther, is the only other individual besides Mr. Moseley himself that remembers the legal advice they received.

Upon information and belief, Richard Moseley Jr., who has been sued along with his father in the Criminal Financial Protection Bureau action, *CFPB v. Moseley*, (W.D. Mo.) Case No. 4:14-CV-0789 (DW), would invoke his Fifth Amendment privilege against self-incrimination if called by the defense to testify. Because there is no other witness who remembers the advice Ruther provided to Mr. Moseley regarding the formation of his Nevada lending entities or the exportation of state interest rates, Rick Moseley Jr.'s testimony is essential to Mr. Moseley's advice of counsel defense, and the Court should compel the government to grant Richard Moseley Jr. immunity.


## ARGUMENT

### I.    The Court Should Compel the Government to Immunize Richard Moseley Jr.

Prosecutors possess broad discretion in their decisions to provide testimonial immunity to witnesses that invoke their Fifth Amendment privilege, a powerful tool "…in light of the prosecutor's ability to create incentives for witnesses to invoke the privilege against self-incrimination.  *United States v. Dolah*, 245 F.3d 98, 106 (2d Cir. 2001), overruled on other grounds by *Crawford v. Washington*, 541 U.S. 36 (2004).  Because defendants are unable to offer similar protections, defense

Hon. Edgardo Ramos
November 06, 2017
Page 3 of 5

witnesses often invoke their Fifth Amendment privilege for fear of future prosecution, which denies the jury the opportunity to hear their potentially exculpatory testimony and the Defendant's opportunity to put forward a complete defense. Under "rare occasions" the Court may choose to use its powers to "force the government to grant immunity." *United States v. Bahadar*, 954 F.2d 821, 825 (2d. Cir.). For the Court to determine whether it should compel the prosecution to grant immunity to potential defense witnesses, it utilizes a two prong test. *See United States v. Ebbers*, 458 F.3d 110, 118-119 (2d Cir. 2006) (citing *United States v. Horwitz*, 622 F.2d 1101, 1105-06 (2d Cir. 1980)); *Dolah*, 245 F.3d at 105; *United States v. Diaz*, 176 F.3d 52, 115 (2d Cir. 1999).

First, the defendant is required to show that the government granted immunity in a discriminatory fashion, has forced potential defense witnesses to invoke the Fifth Amendment through "overreaching," or has deliberately denied "immunity for the purpose of withholding exculpatory evidence and gaining a tactical advantage through such manipulation." *Ebbers*, 458 F.3d at 118-119. Here, the discriminatory use of immunization is obvious. Thus far, all but one of the government's non-victim witnesses have testified under the protection of immunity or cooperation agreements: Carmen Hernandez, the Office Manager of Richard Moseley, Sr.'s entire lending and customer service operation, Amanda Sanchez, Carmen's daughter and Manager of the customer service team that oversaw lender DJR's accounts, Christopher Randazzo, one of Mr. Moseley's co-defendants in *CFPB v. Moseley*, and Lindsay Radliff, one of the software developers for E-data who had her notary privileges revoked after falsely notarizing a document.

Notably missing from the government's list of immunized witnesses is Richard Moseley Jr., Richard Moseley Sr.'s son. Richard Moseley Jr. is Mr. Moseley's other co-defendant in the CFPB case and was a signatory on the accounts for many of the lending entities. During its case, the government presented evidence of business funds being used to pay for Richard Moseley Jr.'s BMW, to pay the taxes for his contracting company, RM Contracting, and to pay him large sums of money. *See* Gov't Ex. 801, 802, 2, 5. Despite the evidence presented against him, Richard Moseley Jr. has not been immunized and asked to testify on behalf of the government, because his testimony would be exculpatory and undoubtedly undermine the false testimony of the government's immunized witnesses. Moreover, two of the government's witnesses: Carmen Hernandez and Amanda Sanchez testified to lying to federal agents in order to minimize their conduct, yet neither of them has been charged with perjury. *See* Trial Tr. 149-150:1-22, Oct. 31, 2017; 989:7-21, Nov. 3, 2017. The government's decision to ignore its own witness' perjury to preserve their credibility is a clear indication of its use of immunity to gain a tactical advantage at trial.

Hon. Edgardo Ramos
November 06, 2017
Page 4 of 5

Second, the defendant is required to show that the evidence sought from the immunized witness would be "material, exculpatory, and not cumulative and is not obtainable from any other source." *Ebbers*, 458 F.3d at 119.  The ultimate factor is whether the "non-immunized witness' testimony would materially alter the total mix of evidence before the jury." *Id.* at 119.  Mr. Moseley is presenting an advice of counsel defense.  As the government has repeatedly noted in its motions to preclude, Mr. Moseley must prove that he sought the advice of counsel *before* engaging in the charged activity for the advice of counsel defense to be viable.  ECF No. 93 at 1-2.  As discussed, *supra*, Mr. Moseley was previously unable to reach Scott Ruther, the attorney who advised him on the formation of his lending entities.  When the defense spoke to Ruther earlier this week, he stated that he no longer recalled the advice that he provided to Mr. Moseley almost 14 years ago.  Therefore, Richard Moseley Jr., who was the only other witness to the meetings between Ruther and Mr. Moseley, is the only person, besides Mr. Moseley himself, that could testify about the meeting.  Because the existence of that meeting creates the full timeline for Mr. Moseley's advice of counsel defense, Richard Moseley Jr.'s testimony is critical.  If called to testify, Richard Moseley Jr. will invoke his Fifth Amendment privilege.

## II.    In the Alternative the Court Should Give the Jury a Missing Witness Charge

If the Court does not order the government to immunize Richard Moseley, Jr., then the Court should provide the following "missing witness" instruction to the jury:

> You have heard evidence about a number of witnesses who have not been called to testify.  The defense contends that another person, Richard Moseley, Jr., has knowledge relevant to Richard Moseley, Sr.'s advice of counsel defense. The defense has argued that Richard Moseley, Jr. could have given material testimony in this case and that the government was in the best position to produce these witnesses. If you find that these uncalled witnesses could have been called by the government and would have given important new testimony, and that the government was in the best position to call them, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witnesses would have been unfavorable to the government. In deciding whether to draw an inference that the uncalled witnesses would have testified unfavorably to the government, you may consider whether the witnesses' testimony would have merely repeated other testimony and evidence already before you.

Hon. Edgardo Ramos
November 06, 2017
Page 5 of 5

*Adapted from* 1 Leonard Sand, et al., *Modern Federal Jury Instructions* § 6.04, Inst. 6-5 (2004) (Missing Witness Not Equally Available to Defendant).

For the reasons discussed, *supra*, Mr. Moseley is clearly not engaged in gamesmanship, *see United States v. Torres*, 845 F.2d 1165, 1171 (2d Cir. 1988) (denying defendant's motion for a missing witness charge where the defense has "no real interest in calling the witness to the stand, but merely is engaged in a form of gamesmanship in an effort to obtain a missing witness charge") and Richard Moseley, Jr. would offer exculpatory testimony if granted immunity. *See United States v. Myerson*, 18 F.3d 153, 160 (2d Cir. 1994) (holding that absent indications that "the government has failed to immunize an exculpatory witness, a district court does not abuse its discretion by refusing to give a missing witness charge."). Therefore, there are sufficient grounds to present the jury with the missing witness charge.

For the foregoing reasons, Mr. Moseley respectfully requests that the Court compel the government to immunize Richard Moseley Jr. and that the missing witness charge be added to the Defendant's Request to Charge.

I thank the Court in advance for its consideration.

Respectfully submitted,


  /s/  **Victoria N. Medley**
Victoria N. Medley