

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 6, 2017

<u>By ECF and E-Mail</u>

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Richard Moseley, Sr.*, 16 Cr. 79 (ER)

Dear Judge Ramos:

  The Government respectfully moves *in limine* to preclude defendant Richard Moseley from calling (i) an investigator at Reilly International (the "Investigator") to testify about Carmen Hernandez's pre-trial statements to the Investigator,[1] and (ii) a Special Agent from the Federal Bureau of Investigation ("FBI") to testify about two aspects of Amanda Sanchez's pre-trial statements—or lack of statements—to the FBI.  As discussed below, in all three cases the extrinsic evidence of the witnesses' prior statements is inadmissible because the prior statements, or non-statements, are not inconsistent with the witnesses' testimony at trial.

  First, defense counsel notified the Government on Monday evening that it intends to call the Investigator "to testify that Carmen Hernandez gave a prior inconsistent statement to him.  Specifically, as opposed to Ms. Hernandez's claim that she was minimizing Mr. Moseley's role, she told [the Investigator] that Mr. Moseley d[i]d not engage in any criminal or immoral activity whatsoever."  The Investigator's testimony should be precluded because the defense has not identified any testimony by Ms. Hernandez that the prior statement contradicts.  A review of the trial transcript from Carmen Hernandez's testimony does not reflect any testimony to the effect "that she was minimizing Mr. Moseley's role" when she previously spoke with the Investigator. Nor does the record reflect a sworn statement by Hernandez denying having told the Investigator "that Mr. Moseley d[i]d not engage in any criminal or immoral activity whatsoever."  On cross-examination, Hernandez testified repeatedly that she did not recall making the latter statement,

---

[1] Earlier today, the Government filed a separate motion *in limine* to preclude the defense from calling the Investigator from testifying about *different* pre-trial statements by the same witness, Carmen Hernandez.  (ECF No. 115.)  After the Government filed that motion, defense counsel notified the Government that it intends to call the Investigator to testify about additional statements, as discussed in this letter.

and nothing placed before her refreshed her recollection.  (Trial Tr. 515:23-516:01; 518:01-518:04.)

Second, defense counsel notified the Government late Monday afternoon that intends to call the FBI Special Agent to testify that Amanda Sanchez "stated during her interview on September 27, 2017, that 'Rick Moseley and Joel Tucker explained to her that the loan application was e-Signed by the customer during the application process at the loan generator websites.'"  Once again, the proffered extrinsic evidence is inadmissible because it is not inconsistent with Sanchez's testimony at trial.  To the contrary, at trial Sanchez testified that Joel Tucker told her that documents had been signed electronically:

> Q. And just to be clear, this notion that the customer e-signed the loan documents, that was told to you by Joel Tucker too, wasn't it?
>
> A. It was also told to me by Joel when I worked for him, yes.
>
> Q. Right. Joel Tucker told you that there was a legitimate e-signature on these documents, correct?
>
> A. When I worked for him, yes.

(Tr. 1056:14-1056:20.)[2]  Sanchez also testified that Richard Moseley had explained the same thing:  "Q. So Lindsay told you that the documents had been e-signed, correct?  A. I mean, Rick told me that as well."  (Tr. 1047:02-1047:04.)

Third, defense counsel notified the Government on Monday night that it intends to call the same FBI Special Agent "to confirm that Amanda Sanchez never previously stated" during her meetings with the Government "that Richard Moseley said the following: 'What about it don't you understand,' in response to Amanda Sanchez's claim that she repeatedly brought to Mr. Moseley's attention that customers continually claimed that they had received unauthorized loans."  The proffered testimony is inadmissible, however, because the prior statement—or, in this case, the alleged *lack* of a prior statement—is not inconsistent with Sanchez's trial testimony.  FBI reports summarizing Sanchez's prior statements do not reflect, nor is the Government aware of, any prior statement by Sanchez *denying* that Richard Moseley ever said something to the effect of "What about it don't you understand?"  Accordingly, the proffered testimony does not relate to a prior statement inconsistent with Sanchez's trial testimony that when she continuously brought complaints to Moseley, "he would basically say:  What about this do you not understand?"  (Tr. 948:06-948:08.)

---

[2] Sanchez also testified that she did not *recall* making the specific proffered prior statement to Government agents, but during her testimony she did not deny having made that statement.  (*See* Tr. 1058:15-1058:17 ("Q. Do you remember telling the agents that Joel Tucker told you that the documents were e-signed? A. I don't remember that."); Tr. 1058:18-1058:23 ("Well, do you recall telling the government that Tucker explained to you that loan applications were e-signed by the customer during the application process at the lead generator websites? A. No. Rick told me that.").)

2

Finally, for the reasons discussed in the Government's motion *in limine* filed earlier on November 6, 2017 (*see* ECF No. 115), the defense should be precluded from introducing evidence of the prior statements, or non-statements, for the independent reason that the defense failed to provide proper notice of its intent to introduce that extrinsic evidence.

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By: ___/s/_____
        Edward A. Imperatore/David Abramowicz
        Assistant United States Attorneys
        Southern District of New York
        Tel. 212-637-2327/6525

cc:    Counsel of Record (via ECF)