

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 6, 2017

By ECF and E-Mail

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Richard Moseley, Sr.*, 16 Cr. 79 (ER)

Dear Judge Ramos:

      The Government respectfully submits this letter in opposition to defendant Richard Moseley's motion of November 6, 2017, seeking to compel the Government to grant immunity to the defendant's son (*see* ECF No. 117).  The defense motion should be denied because it does not come close to meeting the high burden defendants must meet in order to obtain such an order.[1]

      The Government "is under no general obligation to grant use immunity to witnesses the defense designates as potentially helpful to its cause but who will invoke the Fifth Amendment if not immunized."  *United States* v. *Ebbers*, 458 F.3d 110, 118 (2d Cir. 2006).  Such relief is warranted only in "extraordinary circumstances."  *United States* v. *Diaz*, 176 F.3d 52, 115 (2d Cir. 1999).  The Second Circuit has held that "situations in which the United States is required to grant statutory immunity to a defense witness are few and exceptional.  So few and exceptional are they that, in the nearly thirty years since establishing a test for when immunity must be granted, we have yet to reverse a failure to immunize."  *United States* v. *Ferguson*, 676 F.3d 260, 291 (2d Cir. 2011) (internal quotation marks omitted).  "Indeed, there do not appear to be any published decisions within the Second Circuit in which a district or appellate court has compelled the Government to grant immunity to a defense witness."  *United States* v. *Tavarez*, 2015 WL 1137550, at *6 n.1 (S.D.N.Y. Mar. 12, 2015), *aff'd*, 648 F. App'x 16 (2d Cir. 2016).

      In assessing claims for compelled immunity of defense witnesses, courts consider whether "(1) the government has engaged in discriminatory use of immunity to gain a tactical advantage or, through its own overreaching, has forced the witness to invoke the Fifth

---

[1] Moseley's motion also seeks, in the alternative, a "missing witness" instruction.  The Government will be prepared to address that request at a later date.

Amendment; and (2) the witness' testimony will be material, exculpatory and not cumulative and is not obtainable from any other source." *United States* v. *Ebbers*, 458 F.3d at 118 (internal quotation marks omitted). "The defendant bears the burden of showing" the existence of "extraordinary circumstances" warranting a compelled immunity order. *United States* v. *Diaz*, 176 F.3d at 115. This stringent test "ensur[es] that prosecutorial decisions concerning whom to prosecute and what evidence to present at a criminal trial will not be lightly interfered with by the judiciary." *Blissett* v. *Lefevre*, 924 F.2d 434, 441-42 (2d Cir. 1991). It also "reduces the possibility of cooperative perjury between the defendant and his witness," for "[a] person suspected of crime should not be empowered to give his confederates an immunity bath." *Id.* at 442 (internal quotation marks omitted).

Here, the defendant's motion fails to show that his request satisfies either prong of the *Ebbers* test, let alone that it constitutes the "extraordinary circumstances" precedent requires. With respect to the first prong, the defendants have presented no evidence suggesting that "the government has engaged in discriminatory use of immunity to gain a tactical advantage or, through its own overreaching, has forced the witness to invoke the Fifth Amendment." *Ebbers*, 458 F.3d at 118. "[I]t is not sufficient simply to show that the prosecution granted immunity to its own witnesses and not to the defendants'; the defendant must prove discriminatory use of immunity for the *purpose of gaining a tactical advantage*." *United States* v. *Triumph Capital Group, Inc.*, 237 F. App'x 625, 630 (2d Cir. 2007) (emphasis in original)); *see also United States* v. *Todaro*, 744 F.2d 5, 10 (2d Cir. 1984) ("The number of witnesses immunized by the Government, without more, would not support a finding" of selective use of immunity to gain a tactical advantage). The defendant's son and the witnesses who have been immunized are not similarly situated. Notably, for example, the defendant's son, unlike the others, was paid millions of dollars in funds obtained from victims of the defendant's scheme, and was an owner of the defendant's illegal payday-lending business.

The defense also fails to make any showing that the purportedly exculpatory testimony of the son "is not obtainable from any other source." *Id*. To the contrary, the defense expressly states that the defendant's son would testify about meetings between Scott Ruther and the defendant himself—meaning the same testimony is "obtainable from" the defendant. Moreover, defense counsel informed the Government during the evening of November 6, 2017, that the defendant will testify on his own behalf. Accordingly, the defense will have a full opportunity to elicit from the defendant the purportedly exculpatory testimony regarding advice of counsel that it contends it needs from the defendant's son.

For the foregoing reasons, the defendant's motion to compel the Government to immunize the defendant's son should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: __/s/_____
Edward A. Imperatore/David Abramowicz
Assistant United States Attorneys
Southern District of New York
Tel. 212-637-2327/6525

cc:     Counsel of Record (via ECF)