**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES,

                Plaintiff,

– against –

RICHARD MOSELEY, SR.,

                Defendant.

**ORDER**

16 Crim. 79 (ER)

---

RAMOS, D.J.:

      On November 15, 2017, Richard Moseley was convicted of conspiracy to collect unlawful debts, unlawful collection of debts, conspiracy to commit wire fraud, wire fraud, aggravated identity theft, and false TILA disclosures. He was sentenced to a term of 120 months imprisonment, and has been serving his sentence at USP Marion, Illinois since July 2018. Moseley appealed his conviction. Argument was heard on January 6, 2020, but the appeal remains pending. Before the Court is Moseley's application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of the COVID-19 pandemic and the heightened risk it presents to him both because of his age and because of numerous health conditions. Doc. 210.

      Given Moseley's pending appeal, the Court lacks jurisdiction over the instant motion. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Although the district court retains the ability to "correct[] clerical errors under Fed. R. Crim. P. 36 or [to] act[] to aid the appeal," it may not substantively modify judgments. *U.S. v. Ransom*, 866 F.2d 574, 575–76 (2d Cir. 1989) (internal quotation marks and citations omitted). Moseley does not contest that he is requesting a substantive modification of his sentence. Doc. 214 at 2.

Therefore, "[o]nce [Moseley] filed his notice of appeal challenging the Court's sentence, jurisdiction over questions raised in his § 3582(c) motion transferred to the Second Circuit." *United States v. Martin*, No. 18 Crim. 834–7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

In such circumstances, where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Federal Rule of Criminal Procedure 37 provides the district court with several options. The court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The Court finds that Moseley's petition raises a substantial issue. The COVID-19 pandemic presents novel questions for both the Bureau of Prisons ("BOP") and the Federal Judiciary, and guidance regarding the treatment of inmates, especially those, like Moseley, who may be at higher risk of contracting the disease, is changing frequently, as is the situation inside individual facilities. Absent further factual development, the Court cannot say whether it would ultimately grant the motion if the case were remanded for such purposes, but neither is it willing to deny the motion outright. These are complex and time-sensitive issues, but they are ones that the Court can only take up if the Second Circuit agrees it would be useful to decide the instant motion before it decides the appeal.

In the meantime, the Court notes that Moseley may have available an alternative avenue for relief: a furlough. 18 U.S.C. § 3622(a) provides that:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by

> authorizing him, under prescribed conditions, to—(a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purposes of— . . . (3) obtaining medical treatment not otherwise available; . . . or (6) engaging in any other significant activity consistent with the public interest . . . .

This statute appears perfectly applicable to Moseley's situation. And, in other cases, the Government has taken the position that such a release can be extended beyond thirty days via the discretionary grant of multiple furloughs, perhaps providing a means to release Moseley until the threat posed by COVID-19 subsides and it is safe for him to return to prison to complete his sentence. *See, e.g.*, *United States v. Roberts*, No. 18 Crim. 528–5 (JMF) (S.D.N.Y.), Doc. 291 at 7 (Apr. 6, 2020).

Of course, this Court does not have jurisdiction to order such a furlough. "The statute could not be clearer as to whom it vests with the authority to grant temporary release . . . . [It] gives authority over temporary-release decisions 'to the Bureau of Prisons (BOP), not the federal courts.'" *Roberts*, Doc. 296 at 7–8 (internal quotation marks and citation omitted) (collecting cases). But nothing "prevents this Court from recommending" that such temporary release would be appropriate. *United States v. Schaefer*, No. 07 Crim. 498 (LJL) (S.D.N.Y.), Doc. 73 at 4 (Apr. 6, 2020). As such, given Moseley's age and underlying health conditions, the Court strongly recommends that BOP consider whether a furlough would be appropriate in this case.

## CONCLUSION

For the foregoing reasons, Moseley's petition is DENIED. However, the Court notes that this petition presents a substantial legal issue for purposes of Federal Rule of Criminal Procedure 37. The Court further notes that a BOP-ordered furlough may present the most appropriate course of action in this case.

It is SO ORDERED.

Dated:   April 20, 2020
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.