**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES,

                Plaintiff,

     – *against* –

RICHARD MOSELEY, SR.,

               Defendant.

**<u>ORDER</u>**

16 Crim. 79 (ER)

<u>RAMOS, D.J.</u>:

     On November 15, 2017, Richard Moseley was convicted of conspiracy to collect unlawful debts, unlawful collection of debts, conspiracy to commit wire fraud, wire fraud, aggravated identity theft, and false TILA disclosures.  He was sentenced to a term of 120 months of imprisonment, and has been serving his sentence at USP Marion, Illinois since July 2018.  Moseley appealed his conviction.  Argument was heard on January 6, 2020, but the appeal remains pending.

     On April 14, 2020, Moseley petitioned this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of the COVID-19 pandemic and the heightened risk it presents to him both because of his age and because of numerous health conditions.  Doc. 210.  The Court denied Moseley's motion because it lacked jurisdiction.  Doc. 215.  However, the Court noted that the petition presented a substantial legal issue for purposes of Federal Rule of Criminal Procedure 37.  *Id.*  The Second Circuit granted Moseley's application for a limited remand.  Doc. 216.  After further briefing and a telephonic hearing, the Court denied Moseley's petition on the merits.  Minute Entry for May 8, 2020.

     Before the Court is Moseley's renewed application for compassionate release in light of a new COVID-19 outbreak at his facility and his recent positive diagnosis.  Doc. 225.  For similar

reasons, the Court finds that it does not, at present, have jurisdiction to consider the petition. However, it finds that the petition presents a substantial legal issue for purposes of Federal Rule of Criminal Procedure 37.

Given Moseley's pending appeal, the Court lacks jurisdiction over the instant motion. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Although the district court retains the ability to "correct[] clerical errors under Fed. R. Crim. P. 36 or [to] act[] to aid the appeal," it may not substantively modify judgments. *U.S. v. Ransom*, 866 F.2d 574, 575–76 (2d Cir. 1989) (internal quotation marks and citations omitted). Mosely does not contest that he is requesting a substantive modification of his sentence. Doc. 214 at 2. Therefore, "[o]nce [Moseley] filed his notice of appeal challenging the Court's sentence, jurisdiction over questions raised in his § 3582(c) motion transferred to the Second Circuit." *United States v. Martin*, No. 18 Crim. 834–7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

The Second Circuit's previous remand in connection with Moseley's April petition for compassionate release does not change these circumstances. As the Second Circuit noted, that remand was "limited." This Court has already considered and decided the substantial legal issues that formed the basis of that remand. Moreover, the Court's decision on those issues was final.

In such circumstances, where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Federal Rule of Criminal Procedure 37 provides the district court with several options. The court may: "(1)

defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).  The Court finds that Moseley's renewed petition also raises a substantial issue.  There is an ongoing outbreak at Moseley's facility, and Moseley himself has tested positive for the disease, though he has not, at the moment, presented with symptoms other than loss of taste and smell.  Again, absent further factual development, the Court cannot say whether it would ultimately grant the motion if the case were remanded for such purposes, but neither is it willing to deny the motion outright.  These are complex and time-sensitive issues, but they are ones that the Court can only take up if the Second Circuit agrees it would be useful to decide the instant motion before it decides the appeal.

## CONCLUSION

For the foregoing reasons, Moseley's petition is DENIED.  However, the Court notes that this petition presents a substantial legal issue for purposes of Federal Rule of Criminal Procedure 37.

It is SO ORDERED.

Dated:   August 10, 2020
      New York, New York

_____
EDGARDO RAMOS, U.S.D.J.