UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

                Plaintiff,

– against –

RICHARD MOSELEY, SR.,

                Defendant.

**ORDER**

16 Crim. 79 (ER)

RAMOS, D.J.:

      Before the Court is Richard Moseley's renewed petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the current COVID-19 outbreak at USP Marion and his own positive diagnosis. Doc. 235. For the following reasons, Moseley's petition is DENIED.

## I.    BACKGROUND

      From 2003 to 2014, Moseley orchestrated a massive fraud operation, stealing from hundreds of thousands of financially desperate clients and causing actual losses of approximately $49 million. On November 15, 2017, Moseley was convicted of conspiracy to collect unlawful debts, unlawful collection of debts, conspiracy to commit wire fraud, wire fraud, aggravated identity theft, and false TILA disclosures. On June 12, 2018, he was sentenced to a term of 120 months imprisonment, and has been serving his sentence at USP Marion, Illinois since July 2018. Moseley appealed his conviction. Argument was heard on January 6, 2020, but the appeal remains pending.

      On April 14, 2020, Moseley, who is 75 years-old, applied to this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in light of the COVID-19 pandemic and the heightened risk it presented to him both because of his age and because of numerous health conditions, including heart and blood disorders. Doc. 210. The Court found that it lacked jurisdiction over the motion in light of Moseley's pending

appeal, but stated that the petition presented a substantial legal issue for purposes of Federal Rule of Criminal Procedure 37.  Doc. 215.  Moseley petitioned the Second Circuit for a limited remand pursuant to Federal Rule of Appellate Procedure 12.1, and the petition was granted.  Doc. 216.  After a telephonic hearing on May 8, 2020, the Court denied Moseley's petition for compassionate release on the merits.  The Court found that granting the petition would not reflect the seriousness of Moseley's conduct or promote respect for the law.  Doc. 223 at 10–11.

On August 3, 2020, Moseley renewed his motion for compassionate release in light of an outbreak of COVID-19 at Marion FSP, including the satellite camp where Moseley is incarcerated.  Doc. 225.  As the Government concedes, 136 inmates have recovered from COVID-19, four inmates have active cases, and two have died from the virus at Moseley's facility.  Doc. 233 at 1.  On August 4, 2020, Moseley's attorney wrote to advise the Court that Moseley had tested positive for COVID-19.  Doc. 227.  The Court again found that it did not have jurisdiction to consider the petition in light of Moseley's pending appeal, but affirmed that the petition presented a substantial legal issue.  Doc. 231.  The Second Circuit indicated a limited remand on August 13, 2020.  Doc. 232.  On August 17, 2020, the Government indicated that Moseley "appears to have recovered from [COVID-19]."  Doc. 233.  Moseley disagrees, citing a persisting loss of taste and smell, confusion, and alleged cognitive deficiencies.  Doc. 235 at 1.

II.   LEGAL STANDARD

   A.   18 U.S.C. § 3582

Although a court may not normally "modify a term of imprisonment once it has been imposed," there are certain limited exceptions, including "compassionate release."  *See United States v. Roberts*, No. 18 Crim. 528, 2020 WL 1700032 (JMF), at *1 S.D.N.Y. Apr. 8, 2020 (citing 18 U.S.C. § 3582(c)(1)(A)).  A court may reduce a prisoner's sentence when it finds that there are "extraordinary and compelling reasons" that warrant such a reduction, but one of two conditions must first occur:  either the BOP

Director may move the court to release the prisoner; or, alternatively, the prisoner himself may move the court, but only after he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

Once a petition for compassionate release is properly brought before a court, its discretion is guided by the policy statement in U.S. Sentencing Guidelines § 1B1.13. *See Id.* § 3582(c)(1)(A). In relevant part, the Guidelines place three conditions on a determination of early release:

> (1) There are extraordinary and compelling reasons that warrant the reduction;
>
> (2) A situation where "the defendant is not a danger to the safety of any other person or to the community"; and
>
> (3) The reduction is consistent with this policy statement.

§ 1B1.13. The Guidelines include as an "extraordinary and compelling reason" the existence of "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* cmt. 1(A)(ii)(I).

When determining whether a prisoner is a danger to the community, section 1B1.13 refers to 18 U.S.C. § 3142(g), which in turn lists the following factors to be considered:

> (1) the nature and circumstances of the offense charged . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person . . . ; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

If the sentencing court finds that "extraordinary and compelling reasons" exist, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the

original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

### III. DISCUSSION

The Government primarily argues that Moseley's petition is moot because he has already contracted COVID-19 and has "recovered" after being mostly asymptomatic. Doc. 233. In particular, Moseley reported an initial loss of taste and smell, but reports a normal body temperature and oxygen saturation level. *Id.* Moseley argues that he is still at heightened risk for developing serious COVID-19 symptoms. He reports that he "still has a loss of sense of smell and taste, feels confused, and thinks he may be suffering from cognitive deficiencies." Doc. 235 at 1. Moseley further argues that elderly patients, like himself, may take longer to develop symptoms "and are far more likely to become seriously ill if they do." *Id.* Furthermore, Moseley maintains that he has not been retested to confirm his recovery. *Id.* at 2.

On the record before it, the Court is unable to say whether Moseley is still vulnerable to COVID-19. But even if the Court were to agree that Moseley was still at heightened risk, it would still deny his application. In considering whether to grant relief pursuant to § 3582(c), courts are instructed to consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, "the nature and circumstances of the offense," are undoubtedly serious. 18 U.S.C. § 3553(a)(1). A sentence reduction at this point would fail both to reflect the "seriousness of the offense" and to afford "adequate deterrence." *See* 18 U.S.C. § 3553 (a)(2). Indeed, Moseley has only served roughly 25 months of a 120-month sentence. Moseley's crimes were both long-term and widespread, and such a sentence reduction would fail to adequately reflect the nature of his criminal conduct, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further financial crimes.

## IV.  CONCLUSION

For the foregoing reasons, Moseley's motion is DENIED.  The Clerk of Court is respectfully directed to terminate the motion, Docs. 233, 235.

SO ORDERED.

Dated:   August 18, 2020
         New York, New York

                                            EDGARDO RAMOS, U.S.D.J.