UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

– against –

RICHARD MOSELEY, SR.,

                Defendant.

**OPINION & ORDER**

16-cr-00079 (ER)

RAMOS, D.J.:

      Richard Moseley, Sr., has moved for compassionate release under 18 U.S.C. § 3582(c)(1), Doc. 238, and for a sentence reduction under Amendment 821 of the Sentencing Guidelines, Doc. 241. Both motions are DENIED.

## I. BACKGROUND

      From around 2003 to 2014, Moseley orchestrated a massive fraud operation, stealing from hundreds of thousands of financially desperate clients and causing actual losses of approximately $49 million. Moseley was charged with conspiracy to collect unlawful debts, collection of unlawful debts, conspiracy to commit wire fraud, wire fraud, aggravated identity theft, and false disclosures under the Truth in Lending Act. A jury trial began on October 30, 2017, and concluded on November 15. Moseley was convicted on all counts. On June 12, 2018, the Court sentenced Moseley to a total of 120 months' imprisonment, to be followed by three years of supervised release. Moseley appealed.

      Nearly two years into his sentence, in April 2020, Moseley—represented by counsel—moved for compassionate release in light of the COVID-19 pandemic. Doc. 210. He argued that his age (seventy-five) and medical conditions made him especially vulnerable to the virus. *Id.* at 2–3. The Court denied the motion for lack of jurisdiction due to the pending appeal but noted that the motion presented a substantial legal issue.

Doc. 215. After the Second Circuit granted a limited remand to consider the motion, Doc. 216, this Court denied compassionate release at a conference held on May 8, 2020. The Court explained: "I believe that [Moseley] greatly merited the sentence that he received, and I do not believe that granting this motion and allowing him to serve only 21 months of that sentence is appropriate." Doc. 223 at 10:23–11:1.

Moseley renewed his motion for compassionate release on August 3, 2020, asserting that there was a serious outbreak of COVID-19 at his prison. Doc. 225 at 1–2. The next day, Moseley's attorney informed the Court that Moseley had tested positive for COVID-19. Doc. 227. The Court denied the renewed motion for lack of jurisdiction, Doc. 231, and the Second Circuit again granted a limited remand to consider the motion, Doc. 232. On August 17, the government stated that Moseley "appears to have recovered from Covid-19" and that his arguments based on the risk of contracting the virus were therefore moot. Doc. 233 at 1. Moseley disagreed, asserting that he still had symptoms including a lost sense of smell and taste, confusion, and cognitive deficiencies. Doc. 235 at 1.

On August 18, the Court denied Moseley's renewed motion on the merits. Doc. 236. The Court reiterated that Moseley had served only around 25 months of a 120-month sentence, and it found that a reduction would not be consistent with the § 3553(a) sentencing factors. *Id.* at 4. The Second Circuit affirmed Moseley's conviction and sentence on November 3. *United States v. Moseley*, 980 F.3d 9, 29 (2d Cir. 2020).

Over two years later, on January 11, 2023, Moseley—now proceeding pro se—filed another motion for compassionate release. Doc. 238. The government submitted its opposition on February 2. Doc. 240.[1]

---

[1] At the time he filed the motion, Moseley was incarcerated at USP Leavenworth (now known as FCI Leavenworth) in Kansas. Doc. 238 at 3; Doc. 240 at 2. According to the Bureau of Prisons website, Moseley is now in the custody of the Residential Reentry Management field office in Kansas City, Kansas. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Aug. 22, 2024). His anticipated release date is February 18, 2026. *See id.*

On February 12, 2024, Moseley moved for a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines. Doc. 241. In a supplemental presentence report, the Probation Office stated that Moseley is not eligible for a reduction under Amendment 821. Doc. 242. The Court directed the government to respond to Moseley's motion, Doc. 243, but the government has not done so.

## II.  DISCUSSION

### A. Compassionate Release

"Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, a district court may reduce a term of imprisonment upon motion by a defendant." *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024) (quoting *United States v. Halvon*, 26 F.4th 566, 568 (2d Cir. 2022)). The compassionate release analysis involves two steps: "the district judge first determines whether extraordinary and compelling reasons exist to modify the sentence, and if such reasons exist, the court then considers the Section 3553(a) factors in evaluating what reduction, if any, is appropriate." *United States v. Griffin*, No. 22 Cr. 408 (EK), 2024 WL 2891686, at *1 (E.D.N.Y. June 10, 2024). "District courts may 'consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" *Fernandez*, 104 F.4th at 426 (citing *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)).

Moseley's motion fails because he has not presented extraordinary and compelling reasons for a sentence reduction. Moseley primarily argues that COVID-19 poses a high risk to him because of his age (now seventy-nine) and medical conditions, which include atrial fibrillation, hypertension, and a blood disorder. Doc. 238 at 7–11. He also asserts that other medical problems "have substantially limited [his] mobility and made movement very difficult for him inside the prison." *Id.* at 10.

The Court cannot conclude that these medical issues constitute extraordinary and compelling reasons for a reduction. "In evaluating whether an individual's current risk from the pandemic warrants compassionate release, courts have examined their vaccine

3

status, the COVID-19 situation at their specific correctional facility, and whether their co-morbidities are being managed." *United States v. Yong*, No. 95 Cr. 0825 (JS), 2024 WL 3648259, at *5 (E.D.N.Y. Aug. 5, 2024) (citation omitted). As the government notes, Moseley has received the COVID-19 vaccine. Doc. 240 at 4. And Moseley does not contend that the treatment of his medical conditions has been inadequate. *See, e.g.*, *United States v. Lindo*, No. 15 Cr. 854 (SHS), 2020 WL 5038766, at *1 (S.D.N.Y. Aug. 26, 2020) (denying compassionate release where defendant did not argue that he had received improper treatment for medical conditions while incarcerated).

Nor has Moseley provided any other extraordinary and compelling reasons for a sentence reduction. Moseley asserts that granting compassionate release would allow him to take care of his wife—who also has several medical conditions—but he does not suggest that he is the only caregiver available. Doc. 238 at 11; *cf. United States v. Dozier*, No. 18 Cr. 41 (DLC), 2022 WL 836908, at *1 (S.D.N.Y. Mar. 21, 2022) (explaining that "the need to act as a caregiver can sometimes justify a reduction in sentence," but "[s]uch family circumstances do not always rise to the level of extraordinary and compelling circumstances, . . . especially when alternative caregivers are available"). Moseley also states that during his incarceration, he has had no disciplinary issues, has taken multiple classes, and has "completed all of the work and programming that has been required of him." Doc. 238 at 15 & n.10. While this record is commendable, "[r]ehabilitation alone cannot qualify as an extraordinary and compelling reason to grant a defendant's motion for compassionate release." *United States v. Williams*, No. 09 Cr. 558 (CM), 2023 WL 4785286, at *12 (S.D.N.Y. July 27, 2023) (citing *Brooker*, 976 F.3d at 237–38).

Moseley's motion for compassionate release is denied.

### B.  Amendment 821

Moseley has also moved for a sentence reduction pursuant to Amendment 821. Doc. 241. That amendment went into effect on November 1, 2023, and applies retroactively. As relevant here, Amendment 821 provides for a two-level reduction in the

4

base offense level for defendants with zero criminal history points who meet certain criteria. U.S.S.G. § 4C1.1. One requirement is that "the defendant did not personally cause substantial financial hardship." *Id.* § 4C1.1(a)(6). In making that determination, "the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to § 2B1.1." *Id.* § 4C1.1(b)(3). Those factors are "whether the offense resulted in the victim":

> (i) becoming insolvent;
>
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
>
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
>
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
>
> (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
>
> (vi) suffering substantial harm to his or her ability to obtain credit."

*Id.* § 2B1.1 cmt. n.4(F). "The application of subsection (a)(6) is to be determined independently of the application of subsection (b)(2) of § 2B1.1 . . . ." *Id.* § 4C1.1 cmt. n.1.

In the original presentence report, the Probation Office applied a six-level enhancement because Moseley's offenses involved substantial financial hardship to twenty-five or more victims. Doc. 163 ¶ 57 (citing U.S.S.G. § 2B1.1(b)(2)(C)). The Court likewise applied that enhancement in calculating the guideline range at sentencing. Doc. 187 at 28:9–11.

Some courts have held that the application of the § 2B1.1(b)(2) enhancement at sentencing renders a defendant ineligible for a sentence reduction under Amendment 821. *See United States v. Williams*, No. 19 Cr. 279 (MOC) (DCK), 2024 WL 561119, at *2 (W.D.N.C. Feb. 12, 2024) (explaining that defendant "is not eligible for a reduction in her sentence because this Court has already found that Defendant caused her victim

5

substantial financial hardship"). And even if it did not, the Court would have no trouble independently concluding that Moseley personally caused substantial financial hardship to his victims. *Cf. United States v. Hise*, No. 20 Cr. 40072 (JPG), 2024 WL 1741590, at *2 (S.D. Ill. Apr. 23, 2024) ("Even if an enhancement for causing substantial financial hardship is not *per se* disqualifying, based on the information from the [presentence report], the sentencing hearing, and the restitution proceedings, the Court would independently find that [the defendant] personally caused substantial financial hardship to [the victim] so as to disqualify her from an Amendment 821 reduction."). The record makes clear that Moseley was responsible for enormous financial harm. *See, e.g.*, Doc. 163 ¶ 48 (discussing trial testimony that, as a result of Moseley's scheme, one victim was unable to afford rent and had to move, while another victim and his wife bounced checks for the first time in their lives); *id.* ¶ 15 (noting that Moseley's business "extended loans to financially disadvantaged people throughout the United States, many of whom were struggling to pay basic living expenses"); Doc. 187 at 59:17–61:4 (reviewing trial testimony and victim impact statements and observing that this was "a significant and serious offense which victimized very real people" who "could not even live paycheck to paycheck"). Accordingly, the Court agrees with the conclusion in the supplemental presentence report that Moseley is not eligible for a reduction under Amendment 821. *See* Doc. 242 at 4. His motion is denied.

### III. CONCLUSION

For the foregoing reasons, Moseley's motion for compassionate release and his motion for a sentence reduction under Amendment 821 are DENIED. The Clerk of Court

is respectfully directed to mail a copy of this order to Moseley at the following address: 6317 Kennett Place, Mission, KS 66202.

The Clerk of Court is also respectfully directed to terminate Docs. 240 and 241.

It is SO ORDERED.

Dated:   August 22, 2024
        New York, New York

E<span></span>DGARDO R<span></span>AMOS, U.S.D.J.